UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME A. WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3119 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Houston Independent School District's Motion for Summary Judgment (Doc. # 14) and Plaintiff Jerome A. Washington's Motion to Deny Summary Judgment (Doc. # 19). For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

### I. BACKGROUND

Mr. Washington was hired as a Career and Technology Education ("CATE") teacher at Chavez High School in August 2001. Because he had not completed his teaching certification requirements at that time, he was hired under an emergency permit. For each of the following two school years, Mr. Washington was issued an additional probationary contract and granted a renewal of his emergency permit by the Houston Independent School District ("HISD").

During his third year of teaching at Chavez High School, in January 2004, Mr. Washington received notice that his employment would be terminated at the end of the 2003-04 school year because the CATE teacher position at Chavez High School would not be funded for the 2004-05 school year. However, Mr. Washington was told that a Home and Family Consumer Science teacher position would be available to him if he obtained his teaching certificate.

Shortly thereafter, Mr. Washington took a medical leave of absence and did not return to work for the remainder of the 2003-04 school year. In June 2004, Mr. Washington was notified by letter that his emergency permit had expired and that he must become fully certified by June 28, 2004, or his employment would be terminated. Mr. Washington did not obtain certification, so his employment was terminated at the expiration of his contract on August 31, 2004. Again, he was notified that he was eligible to apply for any position in the HISD for which he was certified or otherwise qualified.

On August 3, 2004, Mr. Washington met with the principal of Chavez High School to discuss the Home and Family Consumer Science teaching position for the 2004-05 school year. Mr. Washington was allegedly questioned about the status of his health and told that the position needed to be filled by a fully certified teacher.

Nonetheless, because no certified teachers were apparently available, Mr. Washington was rehired on or around August 16, 2004, as an associate teacher[1] to teach the Home and Family Consumer Science class. However, on or about August 18, 2004, HISD erroneously sent Mr. Washington a one-year contract for the 2004-05 school year that Mr. Washington signed and returned.

Then, on or about September 15, 2006, HISD hired Amber Johnson to replace Mr. Washington as the permanent Home and Family Consumer Science teacher. Ms. Johnson was not certified, but had a valid emergency permit for the 2004-05 school year.

Mr. Washington subsequently filed suit against HISD in state court, alleging that the termination of his employment was in breach of contract, based on disability discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA"), and a retaliatory

---

[1] According to Exhibit C-5 attached to Defendant's Reply Brief, an HISD associate teacher is an "hourly, at will employee and can be terminated at any time, for any reason, or for no reason."

discharge in violation of the federal Family Medical Leave Act ("FMLA").  HISD removed the case to this Court and now seeks summary judgment on Mr. Washington's TCHRA and FMLA claims.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  *See* Fed. R. Civ. P. 56(c).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

## III. DISABILITY DISCRIMINATION CLAIM

Mr. Washington claims that his employment was terminated by HISD because of his disability in violation of the TCHRA.  TCRHA claims are subject to the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973):[2]

> *McDonnell Douglas* instructs that the plaintiff must first establish a *prima facie* case of discrimination. . . . Once the plaintiff presents a *prima facie* case, the defendant must then articulate a legitimate, nondiscriminatory reason for the questioned employment action. . . . If the defendant is able to do so, the burden

---

[2] The TCHRA is patterned on Title VII, and thus courts may look to federal case law interpreting Title VII when reviewing a TCHRA claim. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000).

3

> shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination.

*Frank v. Xerox Co.*, 347 F.3d 130, 137 (5th Cir. 2003).

To establish a *prima facie* case of discrimination, a plaintiff must provide evidence that he "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class . . . ." *Okoye v. Univ. of Texas Houston*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotation marks omitted).

Mr. Washington has failed to establish a *prima facie* case of discrimination for two reasons. First, he has failed to produce summary judgment evidence that he is disabled within the meaning of the TCRHA. The TCRHA defines a disability as "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." Tex. Lab. Code § 21.002(6) (Vernon 2006). Mr. Washington has not identified his alleged disability, nor has he produced evidence that would place him within any of these three categories. Thus, Mr. Washington has not shown that he is a member of a protected class.

Second, even if Mr. Washington were able to demonstrate that he suffers from a disability within the meaning of the TCRHA, he cannot show that he was qualified for the position. Mr. Washington was admittedly not certified, and he no longer possessed a valid emergency permit. Texas law governing emergency teaching permits provides that "[a]n individual may not serve as a classroom teacher of record in the Texas public schools for more than three school years, without obtaining initial, standard certification." 19 Tex. Admin. Code § 230.502 (Vernon 2006). Because Mr. Washington was the CATE teacher at Chavez High School for the 2001-02, 2002-03, and 2003-04 school years on an emergency permit, he was

consequently not eligible to continue as a classroom teacher until he obtained certification. Thus, Mr. Washington was not qualified for the Home and Family Consumer Science teaching position.

Because Mr. Washington has not produced evidence that he is a member of a protected class and that he was qualified for the position, HISD's motion for summary judgment on Mr. Washington's TCRHA claim is **GRANTED**.

## IV. FMLA CLAIM

Mr. Washington also claims that the termination of his employment was motivated by the fact that he took medical leave at the end of the 2003-04 school year. The FMLA, which entitles eligible employees to up to twelve weeks of unpaid leave per year, 29 U.S.C. § 2612(a) (2006), contains an anti-discrimination clause which provides that an employer may not "interfere with, restrain, or deny the exercise of . . . any right provided under this subchapter," or "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(1)-(2) (2006). Simply put, an employer is prohibited from discharging an employee for taking family or medical leave.

The Fifth Circuit has held that the *McDonnell Douglas* burden-shifting framework also applies to claims of unlawful retaliation under the FMLA. *Chaffin v. John H. Carter Co.*, 179 F.3d 316, 319 (5th Cir. 1999). Thus, the plaintiff first has the burden to establish a *prima facie* case of retaliatory discharge, which requires a showing that (1) he engaged in a protected activity, (2) the employer discharged him, and (3) there is a causal connection between the protected activity and the discharge. *Id.*

While Mr. Washington is able to satisfy the first two elements of the prima facie case, he has not produced evidence of a causal connection between his medical leave of absence and his

discharge. Mr. Washington was informed in January 2004 that his CATE teaching position was being eliminated at the end of the school year, but that another position would be available to him if he obtained his certification—which he failed to do. He did not request to take a medical leave of absence until February 25, 2004. This indicates that Mr. Washington's discharge was due to his failure to meet a preexisting job requirement, rather than his exercise of his rights under the FMLA.

Mr. Washington attempts to raise a fact issue as to the causal connection by pointing out that when he met with the Chavez High School principal in August 2004 about the Family and Consumer Science teaching position, he was questioned about his health status and his FMLA leave the prior school year. Whatever this conversation might suggest, it cannot overcome the fact that Mr. Washington was not qualified for the position. He was not certified and was no longer eligible for a classroom emergency permit under Texas law. Thus, the Court finds that Mr. Washington was discharged because of his lack of qualification, and that there is no causal connection between Mr. Washington's leave of absence and his discharge.

Mr. Washington has failed to establish a *prima facie* case of retaliatory discharge under the FMLA, therefore HISD's motion for summary judgment on Mr. Washington's FMLA claim is **GRANTED**.

## V. CONCLUSION

HISD's motion for summary judgment on Mr. Washington's TCHRA and FMLA claims is **GRANTED**, and consequently Mr. Washington's motion to deny summary judgment is **DENIED**.

The only remaining claim in this case appears to be Mr. Washington's breach of contract claim stemming from the one-year contract for the 2004-05 school year that Mr. Washington

received from HISD, signed, and returned.  Because this is a state law claim, and because this Court has disposed of all federal questions, it declines to exercise further supplemental jurisdiction over Mr. Washington's state law breach of contract claim.  This cause is therefore **REMANDED** to the 80th District Court of Harris County, Texas, for such proceedings as are deemed appropriate.

    **IT IS SO ORDERED.**

    **SIGNED** this 29th day of November, 2006.

    KEITH P. ELLISON
    UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**